STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**10-1498**

**STATE OF LOUISIANA**

**IN THE INTEREST OF**

**A.A.M.B.**

\*\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
CITY COURT OF KAPLAN,
PARISH OF VERMILION, NO. J-3595
HONORABLE FRANK E. LEMOINE, CITY COURT JUDGE

\*\*\*\*\*\*\*\*\*\*

**J. DAVID PAINTER
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, J. David Painter, and
Phyllis M. Keaty, Judges.

**AFFIRMED.**

**Nicole Guidry, Attorney at Law
2 South Magdalen Square
Abbeville, LA 70510
Counsel for S.E.B.**

**Jo Ann Nixon, Attorney at Law
129 West Pershing Street
New Iberia, LA 70560
Counsel for Appellant:
       H.L.T.**

**Julie Rosenzweig, Attorney at Law
P.O. Box 9588
New Iberia, LA 70562
Counsel for A.A.M.B.**

**Tamara D. Rahim, Attorney at Law
825 Kaliste Saloom Road
Brandywine I, Suite 208
Lafayette, LA 70508
Counsel for State of Louisiana, Department of Children
       and Family Services**

**PAINTER, Judge.**

H.L.T., the biological father of A.A.M.B., appeals the judgment of the trial court terminating his parental rights and certifying the minor child to be eligible for adoption. We affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The child, A.A.M.B., was born on September 13, 2008. When the child was three weeks of age, the Department of Children and Family Services (DCFS) received a report stating that the child's mother, S.E.B., was in a treatment facility, that the child's father, H.L.T., was incarcerated, and that the child was not being fed properly and was starving. A.A.M.B. was adjudicated a child in need of care and was taken into state custody on October 9, 2008. The child was placed in the custody of her paternal aunt and uncle. DNA testing confirmed that H.L.T. is the biological father of A.A.M.B. Reunification efforts were made, but S.E.B. ultimately voluntarily executed an act of surrender on August 13, 2010. H.L.T. filed a written notice of opposition; however, following a hearing on October 21, 2010, the trial court approved the surrender of S.E.B.'s parental rights and terminated H.L.T.'s parental rights.

H.L.T. now appeals the termination of his parental rights. He argues that the trial court erred in terminating his parental rights where he was a non-offending parent and had completed several requirements outlined in the case plan. He further argues that the voluntary surrender by S.E.B. is an absolute nullity. Finally, H.L.T. argues that the termination of his parental rights while he was incarcerated and unable to make bail is tantamount to a termination based on his poverty. Finding all of these assignments of error to be without merit, we affirm the termination of H.L.T.'s parental rights.

## DISCUSSION

In his first assignment of error, H.L.T. argues that the State has not made reasonable efforts to reunite the family. He asserts that he was without fault in causing the situation that led to the placement of A.A.M.B. in State custody.

H.L.T. was incarcerated at the time A.A.M.B. was taken into State custody. He was released from jail on March 20, 2008, but re-arrested on July 24, 2009. He remained in jail from July 24, 2009, to January 29, 2010. He was again arrested on May 25, 2010, and was incarcerated from that time through the time that his parental rights were terminated. The State contends that during the time when H.L.T. was not incarcerated, it made reasonable efforts at reunification. It offered parenting classes, anger management classes, and individual counseling. The State contends that H.L.T. failed to substantially comply with the requirements of the case plan in that he failed to obtain and maintain suitable housing, failed to provide verification of employment, failed to demonstrate adequate parenting skills, failed to attend anger management and individual counseling, failed to proved parental contribution for the child, and failed to bond with A.A.M.B. during visitation and attendance at parenting class.

Louisiana Children's Code Article 1138 provides:

A. At the hearing of the opposition, the alleged or adjudicated father must establish his parental rights by acknowledging that he is the father of the child and by proving that he has manifested a substantial commitment to his parental responsibilities and that he is a fit parent of his child.

B. Proof of the father's substantial commitment to his parental responsibilities requires a showing, in accordance with his means and knowledge of the mother's pregnancy or the child's birth, that he either:

(1) Provided financial support, including but not limited to the payment of consistent support to the mother during her pregnancy, contributions to the payment of the medical expenses of pregnancy and birth, or contributions of consistent support of the child after birth; that he frequently and consistently visited the child after birth; and that he is now willing and able to assume legal and physical care of the child.

(2) Was willing to provide such support and to visit the child and that he made reasonable attempts to manifest such a parental commitment, but was thwarted in his efforts by the mother or her agents, and that he is now willing and able to assume legal and physical care of the child.

C. The child, the mother of the child, and the legal custodian may offer rebuttal evidence limited to the issues enumerated in Paragraphs A and B of this Article. However, the primary consideration shall be, and the court shall accept evidence concerning, the best interests of the child.

2

D. If the court finds that the alleged or adjudicated father has failed to establish his parental rights, it shall decree that his rights are terminated.

E. If the court finds that the alleged or adjudicated father has established his parental rights, the court shall declare that no adoption may be granted without his consent. The court may also order the alleged or adjudicated father to reimburse the department, or the licensed private adoption agency, or other agency, or whoever has assumed liability for such costs, all or part of the medical expenses incurred for the mother and the child in connection with the birth of the child.

The trial court found that H.L.T. had not frequently and consistently visited with the child after birth and that he was not able to assume legal and physical care of the child as required by La.Ch.Code art. 1138(B)(1).

H.L.T. has the burden of proof in this case, and the required elements must be shown by a preponderance of the evidence. *In re R.E.*, 94-2657 (La. 11/9/94), 645 So.2d 205. We review the trial court's finding in this regard under the manifest error standard of review. *In re H.M.M.*, 33,766 (La.App. 2 Cir. 3/7/00), 754 So.2d 425, *writ denied*, 00-797 (La. 5/12/00), 762 So.2d 14. "Substantial commitment and parental fitness are factual findings that are entitled to deference unless the trial court is clearly wrong." *In re Adoption of J.L.G.*, 01-269, p. 10 (La.App. 1 Cir. 2/21/01), 808 So.2d 491, 498. Our review of the record reveals no manifest error in the trial court's findings.

H.L.T. next argues that the surrender of parental rights by S.E.B. was an absolute nullity because it was confected contrary to the statutory provisions of La.Ch.Code art. 1112, specifically in that no contradictory hearing was held.

Louisiana Children's Code Article 1112 provides that:

A. Except as provided herein, a parent may not execute a private surrender once custody of that child has been removed from the parent by order of a juvenile court and the child has been placed in the legal custody of any person or agency or if the child is the subject of a pending termination of parental rights proceeding.

B. Upon notice to the department and after a contradictory hearing, if requested by the department, a parent may, with approval of the court, execute a private surrender of a child in the legal custody of the department to the foster parent with whom the child was placed by the department.

3

The State contends that it did not have to request a contradictory hearing because S.E.B.'s act of surrender was in favor of the DCFS, not a private party, and because the State had not commenced a termination hearing prior to the execution of the act of surrender. The State further contends that no action to annul the surrender was properly brought by H.L.T. within ninety days of the act of surrender as required by La.Ch.Code art. 1148.

We agree with the State and find that no action to annul the act of surrender was filed by H.L.T. Therefore, the act of surrender cannot now be nullified by this court.

In his final assignment of error, H.L.T. argues that the termination of his parental rights amounted to a termination based on his poverty because he remained incarcerated while awaiting trial because he was unable to make bail. The State argues that the basis for the termination of H.L.T.'s parental rights was not the periods of time that he was incarcerated but because he failed to show that he manifested a substantial commitment to his parental responsibility and that he was a fit parent for the child as required by La.Ch.Code arts. 1137 and 1138. We agree with the State's assertion.

The record shows that H.L.T. failed to make consistent contributions to the care and support of A.A.M.B. The case plan required a $10.00 per month parental contribution. Even though H.L.T. testified that he brought diapers when he visited A.A.M.B., H.L.T. failed to make the required $10.00 per month parental contributions. The record is also clear that even though H.L.T. visited with A.A.M.B. during the periods when he was not incarcerated, case workers observed that H.L.T. failed to establish a bond with A.A.M.B. H.L.T. could not show that he could obtain and maintain adequate housing for A.A.M.B. H.L.T. failed to provide verification of employment. H.L.T. did not follow the recommendations from his psychological evaluation by attending anger management classes and individual counseling.

As we discussed above, the standard of review is manifest error. Although we may be sympathetic with H.L.T.'s plight and in no way condone a termination of

parental rights based on a parent's poverty alone, we find no manifest error in the trial court's judgment terminating H.L.T.'s parental rights under the facts of this case.

## DECREE

For all of the foregoing reasons, we affirm the judgment of the trial court which terminated H.L.T.'s parental rights and certified A.A.M.B. to be eligible for adoption.

**AFFIRMED.**